entered July 1, 1921, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court on trial at Special Term and granting a new trial. The action was brought to enjoin the defendants from cutting certain timber on plaintiff's land, which they claimed the right to cut under a certain deed from plaintiff. They had already cut and removed the soft wood from the tract, the question being whether they could again re-enter and cut and remove the hard wood. The Appellate Division held that the instrument was a deed of certain standing timber, subject to the conditions and limitations that the timber conveyed should be cleaned up and removed as it was cut, and the grantees were not to return upon any portion of the premises so cleaned up after they were once cut over and that such timber was to be cut and removed within seven years. The grantees, therefore, would lose their right to take the standing timber after seven years had elapsed, and if they failed to clean up the timber they had bought, when the premises were first cut over.

*D. J. Seubert* for appellants.

*Albert T. Wilkinson* for respondent.

Order affirmed and judgment absolute ordered against appellants on the stipulation, with costs in all courts; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

THE NORTH RIVER STEAMBOAT COMPANY, Respondent,
*v.* THE HOME INSURANCE COMPANY, Appellant.

*Marine insurance — contract — provision in policy limiting use of vessel to certain waters but with permission to go into drydock — policy covers vessel while in nearest available drydock though outside district limited in policy.*

*North River Steamboat Co.* v. *Home Ins. Co.,* 200 App. Div. 915, affirmed.

(Argued January 15, 1923; decided January 30, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department,

entered February 27, 1922, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court. The action was to recover upon a policy insuring a steam ferryboat against loss, which contained the following provisions: " Warranted confined to the *use and navigation* of the waters of the Hudson River, *not south of Piermont*, New York. * * * With privilege to lay up and make additions, alterations and repairs, and to go in dry-dock." The vessel sunk February 6, 1920, while at drydock at Hoboken, N. J., the nearest available drydock at that time of the year, those north of Piermont being unavailable on account of ice. Plaintiff contended that although the above *written* words confined the limits of the policy to waters of the Hudson river not south of Piermont, yet the subsequent printed words conferring the privilege to go in drydock enlarged these limits so that the vessel could be sent to the nearest available drydock at the time plaintiff chose to go there, although it might be beyond such limits. Defendant contended that this privilege to go in drydock meant that the drydock must be within the above limits, and did not permit the plaintiff to send the vessel outside of the territory merely because at the time when plaintiff chose to make repairs the nearest available drydock was outside the limits.

*Pierre M. Brown* and *James M. Gorman* for appellant.

*Mortimer B. Patterson, William A. Purrington, Frank J. McConnell* and *James D. Brown* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ.